UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

James Van Raden,  Civil No. 13-2283 (DWF/LIB)

    Plaintiff,

v.  **MEMORANDUM OPINION AND ORDER**

Steven Larsen, individually and
in his capacity as a police officer
for the City of Moorhead, MN,

    Defendant.

## INTRODUCTION

This matter is before the Court on Plaintiff James Van Raden's ("Plaintiff") Motion for a New Trial. (Doc. No. 75.) For the reasons set forth below, the Court denies the motion.

## BACKGROUND

Plaintiff filed this lawsuit against Defendant Steven Larsen ("Defendant" or "Defendant Larsen")[1] based on Defendant's use of a TASER during a welfare check made on Plaintiff on August 23, 2011. Plaintiff originally asserted claims of excessive force, deliberate indifference to serious medical needs, and false arrest. (Doc. No. 1, Compl. ¶¶ 51-63.) The Court dismissed Plaintiff's deliberate indifference and false arrest claims on summary judgment. (Doc. No. 36.) Plaintiff's excessive force claim proceeded to trial on July 13, 2015, and on July 15, 2015, a jury reached a verdict. (Doc.

---

[1] Plaintiff originally asserted claims against two other officers. The Court dismissed all claims against those officers on summary judgment. (Doc. No. 36 at 20.)

No. 72 ("Special Verdict").) The Jury answered "NO" to the question of whether Defendant used excessive force against Plaintiff on August 23, 2011. (*Id*.) On July 27, 2014, Judgment was entered: "The Jury found that the Defendant Steven Larsen did not use excessive force against Plaintiff Van Raden on August 23, 2011." (Doc. No. 74.)

The Court now considers Plaintiff's motion for a new trial.

## DISCUSSION

**I.    Motion for New Trial**

Under Federal Rule of Civil Procedure 59, a "court may, on motion, grant a new trial on all or some of the issues—and to any party . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "[D]istrict courts enjoy broad discretion in choosing whether to grant a new trial." *Pulla v. Amoco Oil Co.*, 72 F.3d 648, 656 (8th Cir. 1995). The standard for granting a new trial is whether the verdict is against "the great weight of the evidence." *Butler v. French*, 83 F.3d 942, 944 (8th Cir. 1996). The Eighth Circuit explained that:

> [A] trial court may not grant a new trial simply because the trial court would have found a verdict different from the one the jury found. This is certainly a necessary condition to granting a motion for new trial, but it is not a sufficient one. Rather, the trial court must believe, as we have already said, that the verdict was so contrary to the evidence as to amount to a miscarriage of justice.

*Id.* In addition, a new trial is appropriate where legal errors at trial result in a miscarriage of justice. *Gray v. Bicknell*, 86 F.3d 1472, 1480-81 (8th Cir. 1996). Thus, a new trial is merited when "the verdict is so contrary to the preponderance of the evidence as to imply

2

that the jury failed to consider all the evidence, or acted under some mistake." *In re Levaquin Prods. Liab. Litig.*, 700 F.3d 1161, 1166 (8th Cir. 2012) (citation omitted).

### III. Plaintiff's Motion

Plaintiff argues that he is entitled to a new trial because there was juror confusion, the verdict was against the clear weight of the evidence, and the Court gave an erroneous instruction of law to the jury. At the heart of Plaintiff's motion is the Court's jury instruction on Plaintiff's excessive force claim. Plaintiff asked the Court to include the following in the excessive force instruction: "A police officer may not use a TASER weapon on a non-fleeing, non-violent person." (Doc. No. 47 at 5.) Plaintiff argues that this is a correct statement of the law based on the Eighth Circuit's holdings in the following cases: *De Boise v. TASER, Int'l*, 760 F.3d 892 (8th Cir. 2014) and *Brown v. City of Golden Valley*, 574 F.3d 491 (8th Cir. 2009).

The Court's instruction on excessive force stated:

> In this case, Plaintiff alleges that Defendant used excessive force when taking him into custody on August 23, 2011. I instruct you that under the United States Constitution, every citizen of the United States has the right to be free from the use of excessive force by law-enforcement officers. Defendant asserts that all force used was reasonable and necessary.
>
> You are further instructed that the federal civil rights act under which Plaintiff sues provides that a person may seek relief in this Court by way of damages against any person or persons who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.
>
> For the Plaintiff to establish his claim of excessive force against Defendant, he must prove each of the following elements by a preponderance of the evidence:

> *One,* the Defendant tased the Plaintiff with a taser weapon in the act of taking the Plaintiff into custody during a welfare check;
>
> *Two,* the Defendant's use of force was excessive because it was not reasonably necessary to take the Plaintiff into custody; and
>
> *Three,* the excessive force was the direct cause of injuries to the Plaintiff.
>
> In determining whether the force used was "excessive," you must consider such factors as the need for the application of force; the relationship between the need and the amount of force that was used; the extent of the injuries inflicted, if any; and whether a reasonable law enforcement officer on the scene, without the benefit of hindsight, would have used such force under similar circumstances. In doing so, you should consider that law enforcement officers are often forced to make judgments about the amount of force that is necessary in circumstances that are tense, uncertain, and rapidly evolving. You should also consider whether the actions of the officer were reasonable in light of the totality of the facts and circumstances confronting him, without regard to his own state of mind, intention, or motivation.
>
> A "direct cause" is a cause which has a substantial part in bringing about the injury or injuries suffered, if any.
>
> If any of the above elements has not been proved by a preponderance of the evidence, then your verdict must be for the Defendant.

(Doc. No. 69 at 8-10.)

Plaintiff argues that the Court erred by using jury instructions that did not completely represent the law governing the use of force involving TASER weapons and that the insufficient instruction resulted in an erroneous verdict for Defendant in spite of the clear weight of the evidence. Namely, Plaintiff asserts that Defendant admitted at trial that: he had responded to a welfare check (not a suspected crime); Plaintiff was not fleeing and had no ability to flee from the officers; Defendant used his TASER prior to aggressive action by Plaintiff; and Defendant was moving toward Plaintiff with the intent

4

to shoot his TASER before he was allegedly kicked at by Plaintiff. Further, Plaintiff asserts that Defendant admitted he was trained to use de-escalation techniques that he failed to use during his encounter with Plaintiff. Plaintiff also contends that had the Court properly instructed the jury that an officer may not use a TASER weapon on a non-fleeing, non-violent person, Defendant's testimony would have compelled the jury to find that Defendant used excessive force.

Defendant opposes the motion for a new trial, arguing that the Court acted within its discretion and there was no reversible or harmless error. In particular, Defendant submits that the Court properly instructed the jury on the law of excessive force. Defendant points out that the correct standard for the use of a TASER was articulated by the Eighth Circuit in *DeBoise*:

> Although we have determined that non-violent, non-fleeing subjects have a clearly established right to be free from the use of tasers, . . . we have yet to determine whether a violent subject, acting aggressively toward officers, has a clearly established right to be free from multiple tasings.

*DeBoise*, 760 F.3d at 897 (citations omitted). Defendant also points out that evidence at trial established that the officers were responding to a welfare check and believed Plaintiff was suicidal[2] and that Plaintiff cursed at the officers, retreated to his home, refused numerous attempts to talk him out of his home and to physically remove him, and actively resisted by holding onto his chair. Defendant submits that the jury instruction was appropriate in light of the circumstances presented and, in particular, because Plaintiff was physically and violently resisting.

---

2  Evidence presented at trial indicated that Plaintiff called a crisis hotline and expressed that he had nothing to live for.

5

The Court concludes that it properly instructed the jury on the law of excessive force. While the Court did not specifically instruct the jury that "a police officer may not use a TASER weapon on a non-fleeing, non-violent person," the Court instructed the jury to consider the totality of facts and circumstances confronting Defendant when evaluating the need for force. Specifically, the Court instructed the jury to consider the need for force, the relationship between the need and the amount of force used, and whether a reasonable officer at the scene would have used similar force. (Doc. No. 69 at 9-10.) The jury had an instruction on excessive force that provided a complete and accurate statement of the applicable law. Moreover, there was evidence presented at trial that the officers believed that Plaintiff was suicidal and that Plaintiff actively resisted cooperating with the officers and resisted many attempts to talk Plaintiff into leaving with the officers. There was also evidence presented that Plaintiff retreated into a room in his home, sat in a chair, and then resisted being removed by holding onto his chair. The jury could have reasonably concluded that Plaintiff was aggressive and hostile during the encounter. The Court finds that the jury's verdict that Defendant did not use excessive force is not against the clear weight of evidence. Therefore, the Court denies Plaintiff's motion for a new trial.

# ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for a New Trial (Doc. No. [75]) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 3, 2015          s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge